Tiedrice HOLLAND, Plaintiff,

v.

Kenneth MORGAN, Christopher Ellerd, Ronald Molnar, Robert Nebel, Bryan Klawiter, Gerald Young, C. Brennan and N. Tate, Defendants.

No. 98–C–215.

United States District Court, E.D. Wisconsin.

June 1, 1998.

Tiedrice Holland, Milwaukee, WI, pro se.

DECISION and ORDER

MYRON L. GORDON, District Judge.

While incarcerated at the Racine Correctional Institution, the plaintiff, Tiedrice Holland, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. By order dated March 23, 1998, the plaintiff was directed to forward to the clerk of court, within 21 days from the date of the order, the sum of $1.17 as an initial partial filing fee in this action. The plaintiff was advised that, upon payment of this fee, the court would determine whether the action can proceed in forma pauperis. In addition, the plaintiff was advised that failure timely to submit the partial filing fee would result in dismissal of his action.

As of April 15, 1998, Mr. Holland had not paid the partial filing fee. Thus, on that date, I entered an order and a judgment

dismissing his action, without prejudice, for failure to prosecute. Thereafter, on April 22, 1998, Mr. Holland submitted a payment of $1.41 to the court as his "filing fee" in connection with this case.

Although Mr. Holland's payment of the initial partial filing fee was untimely, it suggests that Mr. Holland wishes to prosecute this action. Accordingly, I will vacate the April 15, 1998, order and the judgment of that date dismissing his action.

Notwithstanding the fact that the plaintiff has paid the initial filing fee, "the court shall dismiss the case" if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

■ A claim is legally frivolous when there is no arguable basis for relief in law or in fact. *Denton v. Hernandez,* 504 U.S. 25, 31, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)); *Casteel v. Pieschek,* 3 F.3d 1050, 1056 (7th Cir.1993). The court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke,* 490 U.S. at 327, 109 S.Ct. 1827.

■ A court may dismiss a complaint, or a portion thereof, for failure to state a claim, when it appears beyond a doubt that the party asserting the claim can prove no facts that would entitle him to relief. *Hartford Fire Ins. Co. v. California,* 509 U.S. 764, 811, 113 S.Ct. 2891, 125 L.Ed.2d 612 (1993); *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Hamlin v. Vaudenberg,* 95 F.3d 580, 583 (7th Cir.1996). The court must accept all well-pleaded factual allegations as true and must draw reasonable inferences in favor of the party setting forth the claim. *Panaras v. Liquid Carbonic Indus. Corp.,* 74 F.3d 786, 791 (7th Cir.1996). I am obligated to give Mr. Holland's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam); *Vanskike v. Peters,*

974 F.2d 806, 807 (7th Cir.1992), *cert. denied,* 507 U.S. 928, 113 S.Ct. 1303, 122 L.Ed.2d 692 (1993).

The plaintiff alleges that his constitutional rights were violated when the defendants used excessive force while escorting him back to his cell after he had taken a shower. Specifically, he contends that he was first escorted to his cell by CO III Gerald Young who had placed wrist restraints on him which were too tight. On the way back to his cell, Ronald Molnar allegedly stopped the plaintiff and complained that the plaintiff's fingernails needed to be clipped. Mr. Molnar then attempted to clip Mr. Holland's fingernails and, without provocation, allegedly smashed the plaintiff's face against a metal door, and applied leg and writs restraints which were tight and painful. On Mr. Molnar's order, the plaintiff claims he was then taken to his cell, blindfolded and suffered a painful chokehold. As a result of Mr. Molnar's actions, the plaintiff allegedly suffered a bruised face and pain in his legs and wrist.

Mr. Holland further maintains that Mr. Young, CO Nebel and CO II Bryan Klawiter witnessed Mr. Molnar smashing the plaintiff's face into the metal door.

■ The only allegations in the complaint against the remaining defendants are as follows:

upon complaining my complaint was ignored and dismissed by Warden K. Morgan and complaint examiner C. Brennan. Also injuries was [sic] falsly [sic] reported by Nurse Tate.

The complaint is devoid of any allegations against Christopher Ellerd although he is named as a defendant in the action.

In my opinion, the complaint does not state a claim for relief against defendants Mr. Morgan, "C. Brennan," "N. Tate" and Mr. Ellerd. The minimal allegations against three of these defendants were entirely conclusory. Even pro se plaintiffs such as Mr. Holland must allege some factual support for his claims against the defendants. *See White v. White,* 886 F.2d 721, 724 (4th Cir.1989). Therefore, Mr. Holland will not be allowed to proceed in forma pauperis with respect to his claims against Mr. Morgan, "C. Brennan,"

"N. Tate" and Mr. Ellerd, and such claims will be dismissed, without prejudice.

■ Although Mr. Holland does not identify a distinct constitutional right in his complaint, his allegation that he was subjected to "excessive force" translates into an argument that his Eighth Amendment right to be free from cruel and unusual punishment, which is made applicable to the states through the Fourteenth Amendment, was violated. *Helling v. McKinney,* 509 U.S. 25, 31, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993) ("It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eight Amendment."); *Estate of Cole by Pardue v. Fromm,* 94 F.3d 254, 259 n. 1 (7th Cir.1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 945, 136 L.Ed.2d 834 (1997). The Eighth Amendment forbids prison officials from using excessive force against prisoners and requires the officials to provide humane conditions of confinement. *Farmer v. Brennan,* 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). An official who uses excessive force against a prison inmate may violate the constitutional prohibition on cruel and unusual punishment even if the prisoner does not suffer serious injury from the excessive force. *Hudson v. McMillian,* 503 U.S. 1, 9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992).

■ A two-part test has been employed by the courts in determining the merits of a prisoner's excessive force claim. The first part of the test is objective; it asks whether the alleged deprivation was sufficiently serious to result in the " 'denial of the minimal civilized measure of life's necessities.' " *Vance v. Peters,* 97 F.3d 987, 991 (7th Cir. 1996), *cert. denied,* —— U.S. ——, 117 S.Ct. 1822, 137 L.Ed.2d 1030 (1997), (quoting *Farmer,* 511 U.S. at 834, 114 S.Ct. 1970). The second question, which is subjective, asks whether the official acted with the requisite state of mind, defined as "deliberately indifferent." *Vance,* 97 F.3d at 991. In assessing the defendant's intent, the court of appeals for the seventh circuit has considered "whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause

harm." *Hill v. Shelander,* 992 F.2d 714, 717 (7th Cir.1993) (internal quotations omitted).

■ Given the standards for excessive force claims described above, I find that Mr. Holland has stated a claim under 42 U.S.C. § 1983 against Mr. Molnar, Thus, he will be allowed to proceed in forma pauperis on his claims against Mr. Molnar.

■ I do not believe, however, that the plaintiff has stated a claim of excessive force against Mr. Nebel, Mr. Klawiter and Mr. Young who, according to the most favorable reading of the complaint, merely witnessed Mr. Molnar's alleged assault of the plaintiff. Nevertheless, I find that the complaint can be read as alleging that these defendants failed to take reasonable steps to ensure Mr. Holland's safety. Such a claim, although distinct from a claim of excessive force, if proved, is also a violation of Mr. Holland's Eight Amendment rights.

■ Prison officials have a duty to take reasonable steps to ensure the safety of inmates. *Farmer,* 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811. In order to prove a failure to protect claim, a beaten inmate must establish that the officers knew he faced a "substantial risk of serious harm" and, appreciating the danger, the officers failed "to take reasonable measures to abate it." *Id.* at 847, 114 S.Ct. 1970.

In my opinion, the allegations of the complaint that Messrs. Nebel, Klawiter and Young witnessed Mr. Molnar assaulting the plaintiff could establish a claim for failure to protect. Thus, at this stage of the proceedings, I am not prepared to conclude that Mr. Holland can prove no set of facts that would entitle him to relief for the alleged constitutional violations by these defendants.

Therefore, IT IS ORDERED that the April 15, 1998, order and judgment be and hereby are vacated.

IT IS ALSO ORDERED that Mr. Holland's request to proceed in forma pauperis be and hereby is granted.

IT IS FURTHER ORDERED that the claims against Mr. Morgan, "C. Brennan," "N. Tate" and Mr. Ellerd be and hereby are dismissed, without prejudice, pursuant to 28

U.S.C. § 1915(e)(2)(B), for failure to state a claim upon which relief may be granted.

IT IS FURTHER ORDERED that the clerk of court be and hereby is directed to amend the caption of this complaint to reflect the fact the claims against Mr. Morgan, "C. Brennan," "N. Tate" and Mr. Ellerd have been dismissed.

IT IS FURTHER ORDERED that the United States Marshal be and hereby is directed to serve a copy of the complaint, the summons, and this order upon defendants Mr. Molnar, Mr. Nebel, Mr. Klawiter and Mr. Young pursuant to Rule 4, Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that defendants Mr. Molnar, Mr. Nebel, Mr. Klawiter and Mr. Young be and hereby are directed to serve and file a responsive pleading to Mr. Holland's complaint.

IT IS FURTHER ORDERED that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $148.59 balance of the filing fee by collecting monthly payment from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.